IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-cr-10006-STA-1 |
| ) | |
| CHRISTOPHER LEONTE BILLS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is a letter from Defendant Christopher Leonte Bills, seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the First Step Act's compassionate release provision in light of the ongoing COVID-19 pandemic.  (ECF No. 69.) The Court will construe the letter as a motion and finds that Defendant is not entitled to relief.

The First Step Act authorizes courts to modify a term of imprisonment for "extraordinary and compelling reasons" that "warrant such a deduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019) (describing the First Step Act's compassionate release provision as an exception to the general rule that "a district court may not reduce a defendant's sentence after imposing it") (citing *United States v. Doe*, 731 F.3d 518, 522 (6th Cir. 2013)).  Courts are permitted to act only on motion of (1) the Bureau of Prisons or (2) the defendant himself after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Defendant does not meet the requirements for compassionate release because he has not shown that he has exhausted his administrative remedies. Therefore, the motion must be **DENIED** but without prejudice to renew the request after Defendant has exhausted his administrative remedies.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  March 8, 2021